O’Donnell, J.,
dissenting.
{¶ 39} The majority opinion establishes policy for Ohio by recognizing a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers a retaliatory employment action after injury but before filing, instituting, or pursuing a workers’ compensation claim.
{¶ 40} Recognizing the legislative branch of government as the policy-making branch, I would assert that R.C. 4123.90 provides no remedy for Sutton and would encourage the General Assembly to resolve this situation if it intended the basis of Sutton’s claim to be part of Ohio’s public policy. In accordance with Bickers v. W. & S. Life Ins. Co., 116 Ohio St.3d 351, 2007-Ohio-6751, 879 N.E.2d 201, the statute provides the exclusive remedy for claims in this area. As Justice Cupp wrote in Bickers, “the imposition of common-law principles of wrongful discharge into the workers’ compensation arena runs counter to ‘the balance of mutual compromise between the interests of the employer and the employee’ as expressed by the General Assembly within the Act.” Id. at ¶ 25, quoting Blankenship v. Cincinnati Milacron Chems., Inc. (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 433 N.E.2d 572.
{¶ 41} To the contrary, the majority has today expanded the public policy behind the provisions of R.C. 4123.90 to apply to those persons discharged before filing, instituting, or pursuing a workers’ compensation claim. This allowance is a legislative prerogative, and in my view, we should follow the law as written and defer to the General Assembly, instead of stretching the extent of protection to fit situations not addressed by the statute.
*165 {¶ 42} Accordingly, I respectfully dissent and would reverse the judgment of the court of appeals.